other security is produced because none exists, therefore the principle nor the inconvenience cannot apply. The plaintiff proves his demand by the testimony of third persons, which is a case by no means included in the Acts or in the contemplation of the legislature.

The CHIEF JUSTICE observed that the motion must be overruled. The decided opinion of the Court was that the Act of Assembly did not apply where the demand or the cause of action was proved by third persons, independent of any specialty or other written security. Many cases may be supposed where the plaintiff could not with propriety or truth swear to the demand. If the original party to the contract be dead, and the suit be brought by his executor or administrator, relying solely on the testimony of third persons, with what propriety can the probate be made by one who was not privy to the contract and is entirely ignorant of the transaction?

### RICHARD LITTLE, for Use of KOLLOCK'S EXECUTRIX, v. JOSEPH DRAPER'S ADMINISTRATOR.

Supreme Court. Sussex. May, 1794.

*Miller's Notebook, 55.*

*Ridgely,* for plaintiff, objected to this evidence. He stated several reasons for the rejection of this evidence. First, it was not such charge in a book as appears to have been contemplated by the legislature in the Act of Assembly, 1 Body Laws 347. It is not a charge for "goods, wares and merchandises sold and delivered," or any "other matter which is properly chargeable in an account." It is for money said to have been paid, and for which a receipt should have been given. Second, this entry in Joseph Draper's book appears to have been made many years, at least ten or twelve, after the payment is said to have been made. This then cannot be considered, as to this charge, a book regularly and fairly kept; it was not entered at the time, nor under the immediate impression and recollection of the transaction. The circumstance also of its being ordered and made when Joseph Draper was at the point of death, his mind occupied with other subjects, his attentions wandering, and his recollection imperfect, forms a fatal objection to the admission of this evidence. Third, the Act of Assembly which admits the book requires the evidence of the plaintiff or immediate party himself, and the rule ought not to be extended to include other cases and to admit other witnesses. It would be an inconvenient and dangerous precedent.

*Peery,* for defendant. The Act of Assembly contains nothing which necessarily or by construction will reject a charge for money lent, advanced or paid. The expressions, or "other matters which are properly chargeable in an account," seem to admit rather than reject it; besides, according to the construction now given, "goods, wares and merchandises" will include everything which was intended by the Act of Assembly, and the subsequent words are to go for nothing. The uniform practice and the public opinion has been in favor of such charges, Dall. 85. The length of time which elapsed previously to the entry being made cannot affect it, if the other requisite circumstances are found in the case. The oath of a third person, an uninterested individual, must certainly be better proof of a book than the party himself. Such power is extended by our Act of Assembly further than it was allowed in England, merely from the necessity of the case, because in this country business is frequently carried on by principals without clerks.

PER CURIAM. The book nor the oath of the witness on this subject cannot be admitted.